IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| REAGAN JAMES CALDWELL | § | |
| VS. | § | CIVIL ACTION NO. 1:10-CV-235 |
| KYLE HERRINGTON | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Reagan James Caldwell, a prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendant Kyle Herrington used excessive force against him, in violation of the Eighth Amendment to the United States Constitution. The plaintiff alleged the defendant sprayed him with chemical agents without provocation, causing him to have impaired vision. Following a jury trial, at which plaintiff was represented by court-appointed counsel, the jury found that the defendant violated plaintiff's Eighth Amendment rights, and was not entitled to qualified immunity. The jury and awarded plaintiff damages of four dollars.

Before the case was submitted to the jury, the defendant timely moved for judgment as a matter of law. The Court reserved its ruling until the trial concluded.

Defendant's Motion for Judgment as a Matter of Law

The defendant contends that a rational jury could not have found from the evidence that he used excessive force against the plaintiff. The defendant argues that, viewing the evidence in the light most favorable to the plaintiff, no reasonable jury could have found that the defendant acted maliciously and sadistically, for the very purpose of causing harm. The defendant also contends the plaintiff did not produce sufficient evidence to overcome his qualified immunity defense.

## Standard of Review

The Court may grant a judgment as a matter of law if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue. . . ." FED. R. CIV. P. 50(a). Judgment as a matter of law is appropriate if the facts and inferences are so strongly in the movant's favor that reasonable jurors could not reach a contrary verdict. *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir. 2004). The district court must review all the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Pros., Inc.*, 530 U.S. 133, 150 (2000). The court is not permitted to make credibility determinations or weigh the evidence, as those are functions of the jury, not the judge. *Id.* at 150. "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Id.* at 151 (citation and internal quotation marks omitted).

## Analysis

*Excessive Force*

In addressing an excessive use of force claim, analysis begins by identifying the specific constitutional right allegedly infringed upon by the challenged application of force. *Graham v. Connor*, 490 U.S. 386 (1992). The claim of a convicted prisoner is judged against the Eighth Amendment standard set out in *Hudson v. McMillian*, 503 U.S. 1 (1992). "Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments

Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7 (*quoting Whitley v. Albers*, 475 U.S. 312, 321 (1986) ). Several factors are relevant in determining whether the force used was excessive: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. The Eighth Amendment prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9, *quoting Whitley*, 475 U.S. at 327; *see Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (spraying inmate with a fire extinguisher after the fire was out was a de minimis use of physical force and was not repugnant to the conscience of mankind where the inmate suffered no physical injury). Courts may look to the seriousness of the injury to determine whether the defendants could have thought the force was necessary. *Brown v. Lippard,* 472 F.3d 384, 386-87 (5th Cir. 2006).

The defendant testified that he sprayed the plaintiff with pepper spray because the plaintiff had his hand through the food slot in his cell door and struck the defendant twice with a home made weapon. However, there was also testimony that, while the plaintiff had his hand in the food slot, he did not have a weapon and did not pose any danger to the defendant. Further, there was testimony that the defendant planted the weapon and filed a false disciplinary case against the plaintiff to make the use of force appear to be justified. It was the jury's function to weigh all the evidence and make

3

credibility determinations, and this Court may not second-guess those determinations. Viewing the record as a whole, there is legally sufficient evidence from which a reasonable jury could find that the defendant applied force maliciously and sadistically for the very purpose of causing harm.

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly establishes statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When considering a claim of qualified immunity, courts engage in a bifurcated analysis. The court must determine whether the plaintiff has alleged the violation of a clearly established constitutional right and, if so, whether the defendant's conduct was objectively reasonable. *Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).

The defendant's conduct is not protected by qualified immunity if, in light of preexisting law, it was apparent at the time of the incident that their actions violated plaintiff's constitutional rights. This incident occurred after the Supreme Court decision in *Hudson*. As discussed above, when the facts are viewed in the light most favorable to plaintiff, a rational jury could find that the defendant attacked maliciously and sadistically for the very purpose of causing harm and inflicted some injury. The jury's finding also incorporated the second prong of the qualified immunity analysis because the jury was instructed that it could not find for the plaintiff if the defendant had an objectively reasonable belief that his actions did not violate the plaintiff's Eighth Amendment constitutional rights. Viewing the record as a whole and in the light most favorable to the plaintiff, a reasonable jury could find that the defendant's actions were not objectively reasonable. Therefore, the defendant is not entitled to qualified immunity.

## ORDER

It is accordingly **ORDERED** that the defendant's motion for judgment as a matter of law is **DENIED**. A final judgment will be entered in accordance with the jury's verdict.

**SIGNED** this 3 day of September , 2013.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE